9 F.3d 1548
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Teresa GOOLESBY, Defendant-Appellant.
 No. 93-5085.
 United States Court of Appeals, Sixth Circuit.
 Nov. 9, 1993.
 
 Before: KENNEDY, SILER, and BATCHELDER, Circuit Judges.
 PER CURIAM.
 
 
 1
 Defendant Teresa Goolesby appeals her conviction for possession of marijuana with intent to distribute it in violation of 21 U.S.C. § 841(a)(1) and aiding and abetting the use or carrying of a firearm in relation to a drug trafficking crime in violation of 18 U.S.C. §§ 2 and 924(c)(1). She argues that the stop of her vehicle was pretextual and thus violative of the Fourth Amendment; she contends that her motion to suppress the evidence found in her car therefore should have been granted. Finding that her argument must be rejected in light of the recent en banc decision of this court in United States v. Ferguson, No. 91-6316, 1993 U.S.App. Lexis 28306 (6th Cir. Nov. 1, 1993) (en banc), we affirm.
 
 
 2
 * In the early morning hours of July 14, 1990, Memphis Police Officer Charles Cox, operating a stationary radar gun, clocked a black 1978 BMW with out-of-state license plates traveling at 53 m.p.h. in a 45 m.p.h. zone. Officer Cox pulled the BMW over and stopped his patrol car behind it. Driving the car was the appellant Teresa Goolesby; with her were her common law husband Jacob Goolesby and her nine-year-old daughter. Cox exited his car and approached the BMW, and Teresa Goolesby got out of her car and met Cox in between the two vehicles.
 
 
 3
 Cox asked Teresa for her driver's license. She explained that she had lost it and presented Cox with a letter from the State of North Carolina stating that Teresa Bailey[1] was a validly licensed driver and listing her driver's license number. Cox then escorted Teresa to his squad car and asked her for a picture identification. When she failed to produce one, he informed her that he would have to arrest her for driving without a license because she could not produce a picture ID to match the name Teresa Bailey, whom Cox had confirmed was a validly licensed driver in North Carolina.
 
 
 4
 Cox decided to speak to Jacob Goolesby, who was still seated in the BMW, about this matter. Cox approached, told Jacob that he was going to arrest Teresa for driving without a valid license, and asked Jacob if he had any identification for himself or his wife. Jacob said that he did not have any identification for his wife, whom he referred to as Teresa Goolesby, but he did produce his own valid license in the name of Jacob Goolesby. While talking to Jacob, Cox detected the odor of marijuana emanating from the car. Cox asked Jacob if he had any illegal contraband in the car. Jacob responded that he was carrying a pistol to protect his family. Cox asked Jacob to get out of the car and Cox patted him down for weapons. Cox felt a bulge in Jacob's pants pocket. When asked what it was, Jacob admitted that it was marijuana. Cox then placed him under arrest.
 
 
 5
 Incident to Jacob's arrest, Cox searched the car. Inside the car, he found a green duffel bag containing marijuana. Cox then searched the trunk and found five more bags of marijuana. In all, approximately 192 pounds of marijuana were seized from the car.
 
 
 6
 Both Teresa and Jacob were tried by a jury and convicted. Each brought a separate appeal.
 
 II
 
 7
 Teresa Goolesby's primary argument on appeal is that Officer Cox's stopping of her car for such a minor traffic violation was a mere pretext in order to investigate more serious criminal activity. In addition to being a Memphis Police officer, Cox was a member of the Interstate Crime Interdiction Unit and had been given special training in identifying the types of vehicles and persons most likely to be transporting drugs. Teresa asserts that Cox must have been simply pursuing his suspicions about drugs when he stopped her car, because a reasonable police officer would not have stopped her for going 53 m.p.h. in a 45 m.p.h. zone.
 
 
 8
 This argument can be disposed of quickly. Our circuit, sitting en banc, recently adopted a new standard for analyzing stops that are alleged to be pretextual. In United States v. Ferguson, No. 91-6316, 1993 U.S.App. Lexis 28306 (6th Cir. Nov. 1, 1993) (en banc), we held that as long as an "officer has probable cause to believe that a traffic violation has occurred or was occurring, the resulting stop is not unlawful and does not violate the Fourth Amendment." Id. at * 21. This bright-line standard is not concerned with whether this officer or a "reasonable" officer would have stopped the car absent some other motivation; the focus is on whether the officer had probable cause to believe that an offense--even a "minor" traffic violation--had been committed. Id. Clearly, Cox had probable cause to believe an offense had been committed, because he clocked Teresa going 53 m.p.h. in a 45 m.p.h. zone. Therefore, even assuming that Teresa could show that Cox harbored particular suspicions about the Goolesby BMW, she cannot prevail.
 
 
 9
 As a secondary argument, Teresa asserts that her arrest was improper because she had a valid driver's license and Tennessee law does not require that a non-resident driver have a driver's license with a picture identification. We need not resolve this question, for Teresa faces a more difficult problem: she cannot show that the evidence she seeks to suppress was "come at by exploitation of" her arrest. Wong Sun v. United States, 371 U.S. 471, 488 (1963). The evidence admitted against her was not "fruit of the [allegedly] poisonous tree," but instead was properly obtained "by means sufficiently distinguishable" from her allegedly illegal arrest, that being the search incident to Jacob's lawful arrest for possession of marijuana. Id; see also Segura v. United States, 468 U.S. 796, 813-816 (1984). Thus, the evidence was admissible, and Teresa's motion to suppress was properly denied.
 
 III
 
 10
 For the foregoing reasons, Teresa Gollesby's conviction is AFFIRMED.
 
 
 
 [1]
 "Bailey" was Teresa's maiden name